[Crim. No. 627.   First Appellate District.—June 12, 1916.]

THE PEOPLE, Respondent, v. RALPH C. HOVIS, Appellant.

CRIMINAL LAW—GRAND LARCENY—SUFFICIENCY OF EVIDENCE—CORROBORATION OF ACCOMPLICE.—It is held in this prosecution for grand larceny that the testimony of an accomplice of the defendant was sufficiently corroborated to satisfy the statute.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Curtis G. Ledgerton, for Appellant.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Respondent.

THE COURT.—This is an appeal from a judgment of conviction of the crime of grand larceny, and from an order denying the defendant a new trial.

The only point urged upon the hearing of this appeal is as to whether or not the testimony of the accomplice of the defendant in the theft of the property—an automobile—has been sufficiently corroborated by other evidence to satisfy

the requirements of the statute. We have carefully examined the record, and are satisfied that there is ample evidence which of itself and without the aid of the testimony of the accomplice tends to connect the defendant with the commission of the crime.

The testimony of the accomplice Daley was to the effect that in conversation with the defendant Hovis shortly before the commission of the crime, with reference to the taking and disposal of an automobile, the defendant had told him that if he, Daley, would get the machine the defendant, Hovis, would tell him where to take it and show him where he could sell the machine, and that they would share the proceeds. He also testified circumstantially to the efforts of himself and the defendant to dispose of the machine after it had been stolen. Other and independent witnesses testified that Hovis and Daley were seen together with the machine on the day of its theft; that they took it to a garage together and left it there for two or three weeks; that the defendant applied to a man named Allyn, who lived in San Jose, to help him find a purchaser for such a machine for a young friend of his who wanted to make a quick sale. Mr. Allyn referred him to a Mr. Seifert in San Jose who might become a purchaser, whereupon the defendant and Daley took the machine to San Jose, where they went under assumed names, and where they attempted to have Seifert purchase the machine, and from whom they received $25 on account of a sale; that not long after the theft of the machine he went to the office of a lawyer in San Francisco, and there caused to be made out the form of a bill of sale of an automobile, leaving blank the place for its description, which was afterward filled in with the description of the stolen machine.

We think these facts amply sufficient to furnish the needed corroboration of the testimony of the accomplice under the rule as laid down in the case of *People* v. *Leavens,* 12 Cal. App. 178, [106 Pac. 1103].

The judgment and order are affirmed.